UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MENDY GORODETSKY and 132, L.L.C.,

        Petitioners,

                              CASE NO. 08-x-50341

        v.                         HON. ROBERT H. CLELAND

                              MAGISTRATE JUDGE PAUL J. KOMIVES

UNITED STATES OF AMERICA,

        Respondent.

_____/

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS PETITION TO QUASH SUMMONS

I.     <u>RECOMMENDATION</u>: The Court should grant respondent's motion to dismiss for lack of subject-matter jurisdiction.

II.    <u>REPORT</u>:

A.    *Introduction*

    1.       This matter was referred to me pursuant to 28 U.S.C. § 636(b)(1). Doc. Ent. 7.

    2.       Petitioner Mendy Gorodetsky is a citizen of the United States. Petitioner 132, L.L.C., is a limited liability company licensed by the State of New York. *See* Doc.. Ent. 1 at 2.

    3.       Respondent is the United States of America acting through the Internal Revenue Service, Department of Treasury. *See id.*

    4.       Petitioners seek to quash summonses issued by respondent to third parties. Specifically, on April 4, 2008, and "In the Matter of Safety Lead Services Corp.," Revenue Officer L. Tong of the IRS issued two summonses seeking information relating to petitioners. These

1

summonses identify the entities being summoned as:

> (a)  NY Commercial Finance Corp
>
> 100 Broadway, Brooklyn, NY 11211
>
> and  (b)  Doral Bank FSB, Legal Dept
>
> 387 Park Avenue South, New York, NY 10016

Doc. Ent. 1 at 4-5.

5.  The summons issued to "NY Commercial Finance Corp" demands "copies of all transactions and copy of any and all information you have on file for Mendy Gorodetsk (sic)[.]" Doc. Ent. 1 at 4.

6.  The summons issued to "Doral Bank FSB" demands "information in your records regarding mortgage held by you on property owned by 132 LLC at 132 Washington Ave, Brooklyn, NY 11205[.]" Doc. Ent. 1 at 5.

7.  On April 15, 2008, petitioners filed this petition to quash the summonses, arguing that service was improper and that the summonses were overbroad. *See* Doc. Ent. 1.

8.  Currently before the Court is respondent's motion to dismiss, filed on June 11, 2008. *See* Doc. Ent. 3. Respondent moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the petition on the grounds that it is barred by sovereign immunity of the United States, that the Court lacks jurisdiction, and that service was not effective. *See id.*

9.  Petitioners filed a response to respondent's motion to dismiss on June 19, 2008. *See* Doc. Ent. 5. Petitioners maintain that the summons is not relevant to any legitimate investigation and is instead an overbroad "fishing expedition." Petitioners also argue that because "petitioner may be found" in this district, the Court may hear and determine this case pursuant to 26 U.S.C. §

7609(h)(1) (granting jurisdiction where "the person to be summoned resides or is found").

10.     Respondent filed a reply to petitioners' response on June 25, 2008. *See* Doc. Ent. 6. Respondent argues that where petitioner "resides or is found" is irrelevant for the purposes of 26 U.S.C. § 7609(h)(1), which confers jurisdiction only where the "person to be summoned resides or is found." Respondent further argues that sovereign immunity has not been waived, that service was improper and a 20-day filing period has elapsed under 26 U.S.C. § 7609(b)(2)(B), and that the summonses in question are not subject to challenge for being overbroad. *See id.*

B.     *Discussion*

IRS summonses on third parties are subject to special provisions of the Internal Revenue Code ("IRC"). *See* 26 U.S.C. § 7609 *et seq* (1954) (as amended 1982). The IRC confers a right on certain parties to intervene and quash a summons served on a third party record keeper by the IRS. *See* 26 U.S.C. § 7609(b)(2). The IRC indicates that only the "district court for the district within which the person to be summoned resides will have jurisdiction" over the proceeding to quash. 26 U.S.C. § 7609(h)(1). The parties disagree as to the meaning of this passage.

This provision concerning jurisdiction does not merely give preferential venue to the district where the person to be summoned resides or is found; subject-matter jurisdiction is exclusively in the district where the person to be summoned resides or is found. *See Masat v. United States*, 745 F.2d 985, 987-88 (5th Cir. 1984); *Deal v. United States*, 759 F.2d 442, 444 (5th Cir. 1985) (following *Masat*). The Fifth Circuit in *Masat* explained the rationale for the strict adherence to the jurisdictional limitation in 26 U.S.C. § 7609(h)(1):

> There is a sound rationale for this limitation of jurisdiction. The taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. Given Congress's twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper

and of removing the delays in tax investigations, it is only logical that jurisdiction be vested in the district where the summons is to be answered. Allowing jurisdiction to be determined by the location of the taxpayer, as [the party seeking to quash] argues, would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609.

*Masat*, 745 F.2d at 987-88.

Rule 12(b)(1) provides that the court may dismiss a case for lack of subject matter jurisdiction. The burden of establishing subject-matter jurisdiction of the federal court lies with the party seeking to invoke the court's jurisdiction, in this case petitioners. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 179, 189 (1936); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993); *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). *See also* Fed. R. Civ. P. 12(h)(3) (requiring that a court dismiss an action if at any time the court determines that it lacks subject-matter jurisdiction).

Generally, there are two types of attacks a party may make on subject-matter jurisdiction in a Rule 12(b)(1) motion: A facial attack challenges the sufficiency of the opposing party's jurisdictional allegations and takes all well-pleaded factual allegations in the complaint as true; a factual attack challenges the actual fact of subject matter jurisdiction and is analyzed under the standard for determining a Rule 56 motion for summary judgment. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987); *Gotha v. United States*, 929 F. Supp. 207, 209-10 (D. V.I. 1996); *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F. Supp. 1040, 1046-47 (S.D. Ga. 1990). *See generally,* 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1350, at 211-25 (2d ed. 1990); *id.*, § 1350, at 80 (Supp. 1996). Here, respondent makes a facial attack on the sufficiency of petitioners'

jurisdictional allegations. Accordingly, respondent has the burden of showing that even if petitioners' factual allegations are accepted as true, petitioners have failed to allege that the persons to be summoned reside or are found in the Eastern District of Michigan pursuant to 26 U.S.C. § 7609(h)(1).

After applying the standard for a Rule 12(b)(1) motion to the language of 26 U.S.C. § 7609(h)(1), the Court should conclude that respondent's motion to dismiss should be granted to the extent respondent argues that even if all of petitioners' factual allegations are taken as true, petitioners have failed to allege that this Court has jurisdiction over petitioners' petition. Petitioners have not alleged that "NY Commercial Finance Corporation" or "Doral Bank, FSB" reside or are found in the Eastern District of Michigan. Instead, these entities appear to reside in and be found in New York City, as indicated by the addresses on the summonses. *See* Doc. Ent. 1 at 4-5. These two entities are the persons being summoned for the purposes of 26 U.S.C. § 7609(h)(1); where petitioners reside or are found is not relevant. *See Masat*, 745 F.2d at 987-88. Accordingly, the Court should conclude that it does not have subject-matter jurisdiction over this case, and that dismissal is proper under Rule 12(b)(1). Because I conclude that this Court does not have subject-matter jurisdiction over this case, I do not recommend that this Court determine any other issue presented by the parties.[1]

_____

[1] Because I conclude that this Court does not have subject-matter jurisdiction, I note that transfer may be appropriate to the district where either of the summoned entities reside or are found pursuant to 28 U.S.C. § 1631. That statute provides, in the relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed[.]

28 U.S.C. § 1631. Respondent has identified the United States district courts for the districts where "NY Commercial Finance Corporation" and "Doral Bank, FSB" reside as the Eastern and

C.    *Conclusion*

In view of the foregoing, the Court should grant respondent's motion to dismiss for lack of subject-matter jurisdiction.

III.    <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a hard copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

Southern Districts of New York. *See* Doc. Ent. 3 at 6.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/6/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2008.

s/Eddrey Butts
Case Manager